**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5000-18T4

C & R HOLDINGS AND
INVESTMENTS, LLC,

      Plaintiff-Appellant,

v.

MARY ELLEN WALKER,
KELLER WILLIAMS
REALTORS, MARIE K. HEER,
NEHEMIAS BORRERO, and
MARISUE ASHTON-
KENDALL,

      Defendants-Respondents.

_____

MARY ELLEN WALKER,

      Defendant/Counter Claimant/
      Third-Party Plaintiff,

v.

EUGENE MARTIN LAVERGNE,
      Third-Party Defendant.

_____

Submitted November 30, 2020 – Decided December 15, 2020

Before Judges Sabatino, Gooden Brown, and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0218-18.

Richard G. Huizenga, attorney for appellant.

Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for respondents Keller Williams Realtors, Marie K. Heer, Nehemias Borrero, and Marisue Ashton-Kendall (Tracy L. Burnley, on the brief).

Respondent Mary Ellen Walker has not filed a brief.

PER CURIAM

This appeal concerns a buyer's unsuccessful attempt to purchase land in Port Norris. The putative purchaser, plaintiff C&R Holdings and Investments, LLC, is a limited liability company controlled by Eugene LaVergne, a former attorney.

The parcel in question was owned by defendant Mary Ellen Walker. Walker entered into a listing agreement with defendant Keller Williams Realtors ("KW"), a licensed real estate broker. That standard form agreement makes clear that the real estate office is the sole agent of the seller. It also specifies that no dual agency with the seller and a prospective buyer would be created

2

unless executed in writing with the seller's consent. The listing offered the parcel for sale at an asking price of $20,000.

LaVergne called the listing agent at KW, defendant Marisue Ashton-Kendall, and orally offered to have C&R buy the property for $8,500. LaVergne then sent Ashton-Kendall a written proposal detailing the terms of the offer, including an alternative "creative tax arrangement" allocating $6,500 of the price to a chandelier.

Through Ashton-Kendall, the property owner responded in writing with a counteroffer of $15,000, with $10,000 down and the remaining $5,000 payable over twenty-four months. LaVergne claims he orally accepted those terms in a phone call with Ashton-Kendall. Nonetheless, in another phone call the next day LaVergne countered with a higher offer of $20,000 consisting of $3,000 down and the owner taking back a $17,000 mortgage.

A few days later, the owner's transactional attorney, Nathan Van Embden, rejected the counteroffer because the owner did not wish to extend such a mortgage loan. Van Embden also became concerned because LaVergne declined to disclose his Social Security number as part of a credit check for the proposed mortgage. LaVergne then made another counteroffer for $15,000 with additional terms that still included a seller's mortgage.

Van Embden then replied to LaVergne in an email that the latest counteroffer had been rejected. He also informed LaVergne that the owner had chosen to accept a competing $15,000 all-cash offer from another buyer.

The LLC then sued Walker, KW, Ashton-Kendall, and other persons, alleging they had wrongfully refused to go forward with the alleged sale. The owner filed a counterclaim and a third-party complaint against LaVergne personally.

Defendants moved for summary judgment. After oral argument, Judge James R. Swift granted their motions, issuing a series of four written orders dismissing plaintiff's claims. Plaintiff now appeals.

On appeal, plaintiff makes the following arguments in his brief:

POINT I

THE TRIAL COURT BELOW ERRED AS A MATTER OF LAW IN GRANTING THE REALTOR DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

A. THE TRIAL COURT'S SUMMARY JUDGMENT DECISION ON THE REALTOR DEFENDANTS WAS IN VIOLATION OF R. 4:46-2(A), R. 4:46-2(B), R. 4:46-5(A) AND R. 1:6-6 AND MUST BE REVERSED AND PLAINTIFF'S CROSS-MOTION GRANTED

B. ALTERNATIVELY OR CUMULATIVELY, THE TRIAL COURT APPLIED THE WRONG SUBSTANTIVE LEGAL STANDARD WHEN DETERMINING WHETHER THERE WAS

4

AN "AGENCY RELATIONSHIP" BETWEEN PLAINTIFF C & R AND THE REAL ESTATE DEFENDANTS

C. THE TRIAL COURT APPLIED THE WRONG LEGAL STANDARD WHEN DETERMINING WHETHER THERE WAS A "FIDUCIARY DUTY" AND "BREACH OF THAT FIDUCIARY DUTY" BY THE REAL ESTATE DEFENDANTS

D. THE TRIAL COURT APPLIED THE WRONG LEGAL STANDARD WHEN DETERMINING WHETHER THERE WAS A VIOLATION OF THE CONSUMER FRAUD ACT BY THE REAL ESTATE DEFENDANTS

POINT II

PLAINTIFF AND DEFENDANT WALKER ENTERED INTO A LEGALLY BINDING CONTRACT FOR THE PURCHASE OF THE SUBJECT PROPERTY THAT SATISFIES THE STATUTE OF FRAUDS AND IS THEREFORE LEGALLY ENFORCEABLE; AS SUCH, THE TRIAL COURT'S DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WALKER WAS CONTRARY TO FACT AND LAW AND MUST BE REVERSED

A. THE "STATUTE OF FRAUDS"

B. THE WRITINGS AND CONDUCT OF THE PARTIES OPERATE TO SATISFY N.J.S.A. 25:1-13(A)

C. ALTERNATIVELY OR CUMULATIVELY, THE WRITINGS AND CONDUCT OF THE PARTIES OPERATE TO SATISFY THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN N.J.S.A. 25:1-13(B)

A-5000-18T4

POINT III

THE TRIAL COURT'S DISMISSAL OF ALL OTHER COUNTS WAS BASED UPON THE ERRONEOUS RULINGS THAT THERE WAS NO AGENCY RELATIONSHIP AND NO CONTRACT AND AS SUCH THEY ALL MUST BE REVERSED AS WELL

We have fully considered these arguments under the well-established standards governing summary judgment. Summary judgment "must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). The court must decide whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995). On appeal, we review de novo the grant or denial of a motion for summary judgment. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349-50 (2016).

Having considered plaintiff's arguments on appeal in light of these principles, we affirm the trial court's summary judgment rulings, substantially

A-5000-18T4

for the sound reasons set forth by Judge Swift in his March 1, 2019 oral decision and in his follow-up orders.  Only a few succinct comments are in order.

A key predicate of plaintiff's claim is that Ashton-Kendall orally agreed to serve as a dual agent for both seller and buyer and then breached her alleged fiduciary duty to the buyer by refusing to go forward with a supposed oral contract and instead facilitating a sale of the parcel to a different buyer.  That argument fails as a matter of law.  The listing agreement plainly requires the seller's written consent to dual agency, and that writing was not obtained here.  See also N.J.A.C. 11:5-6.9(b) (requiring real estate licensees to "secure the signature of the party on a separate writing which confirms the party's informed consent" for the realtor to act as a dual agent) (emphasis added).  Apart from that legal deficiency, the record shows LaVergne repeatedly undertook to engage in direct negotiations with the owner's attorney.

In addition, an oral agreement concerning the sale of real estate is unenforceable under the Statute of Frauds, N.J.S.A. 25:1-13, unless there is "clear and convincing evidence" of such an agreement.  No such compelling evidence exists here.  See Morton v. 4 Orchard Lane Trust, 180 N.J. 118, 125-28 (2004) (similarly finding a plaintiff failed to meet this higher statutory burden of proving an oral contract to convey land).

If anything, the successive counteroffers made by plaintiff are indicative of the absence of a meeting of the minds on all material terms. Tendering a counteroffer is not acceptance. "A counteroffer operates as a rejection because it implies that the offeree will not consent to the terms of the original offer and will only enter into the transaction on the terms stated in the counteroffer." Berberian v. Lynn, 355 N.J. Super. 210, 217 (App. Div. 2002). Hence, a "counteroffer terminates the power of acceptance when it relates to the same matter as the original offer and proposes a 'substituted bargain differing from that proposed by the original offer.'" Ibid. (quoting the Restatement (Second) of Contracts §39(2), cmt. a (Am. Law Inst. 1981)).

We likewise concur with the trial court that there is no merit to plaintiff's claims that KW and its employees and agents, along with Van Embden, violated the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-2, by making alleged material misrepresentations and omissions. Even viewing the record in a light most favorable to plaintiff, the record is barren of tenable support for a CFA violation, particularly since no dual agency relationship was established and no fiduciary duties were owed by defendants to plaintiff.

A-5000-18T4

All other arguments advanced on appeal are unworthy of comment.  R. 2:11-3(e)(1)(E).[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We provide no relief as to plaintiff's contention in his brief that certain portions of defendants' submissions and the trial court record should be stricken or redacted under Rule 4:6-4(b) as allegedly scandalous material.  Plaintiff filed no motion on appeal, and apparently none in the trial court, to obtain such relief.  Moreover, the content plaintiff alludes to concerns, in full or in substantial part, matters of public record.  See R. 1:38-1 (mandating that court records in this state are presumptively open to the public, and that exceptions thereto "shall be narrowly construed").

A-5000-18T4